PROB 12C
(6/16)

Report Date: October 16, 2017

# United States District Court

for the

## Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Even Charles McGee, Jr.     Case Number: 0980 2:12CR02048-SMJ-1

Address of Offender: Unknown

Name of Sentencing Judicial Officer:  The Honorable Salvador Mendoza, U.S. District Judge

Date of Original Sentence: December 6, 2012

Original Offense:     Felon in Possession of a Firearm, 18 U.S.C. § 922 (g) (1)

Original Sentence:    Prison - 46 months                Type of Supervision: Supervised Release
                      TSR - 36 months

Revocation Sentence:  Prison - 27 days
(03/16/2016)          TSR - 32 months

Revocation Sentence:  Prison - 13 months
(11/23/2016)          TSR - 22 months

Asst. U.S. Attorney:  Thomas J. Hanlon              Date Supervision Commenced: August 25, 2017

Defense Attorney:     Federal Defenders Office      Date Supervision Expires: June 24, 2019

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 9**: After initially reporting to the probation officer, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant must report to the probation officer as instructed. |

**Supporting Evidence**:  On August 25, 2017, supervision commenced in this matter.  That same day, a supervision intake was completed.  Mr. McGee signed a copy of his judgement, acknowledging an understanding of the conditions imposed by the Court, to include standard condition number 9 as noted above.

On August 31, 2017, Mr. McGee was advised that his reporting instructions would be to report within the first 5 days of each month.  On the September 1, 2017, he was given the option to report in person or to complete the online reporting questionnaire by the 5th of each month.

Prob12C
Re: McGee Jr., Even Charles
October 16, 2017
Page 2

Mr. McGee violated the terms of his supervised release by failing to report to U.S. Probation on or about October 5, 2017, or since.

On October 12, 2017, Mr. McGee had not yet reported for the month of October 2017. The undersigned called him and left a voicemail directing him to report by 3 p.m. the following day.

On October 13, 2017, Mr. McGee failed to report. It appears Mr. McGee has absconded from supervision.

2   **Standard Condition #12**: The defendant must live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer with 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: On August 25, 2017, supervision commenced in this matter. That same day, a supervision intake was completed. Mr. McGee signed a copy of his judgement, acknowledging an understanding of the conditions imposed by the Court, to include standard condition number 14 as noted above.

Mr. McGee violated the terms of his supervised release by failing to report a change in residence on or about October 15, 2017.

On October 16, 2017, the undersigned was contacted by Geven Sutherland, owner of Mr. McGee's residence. Mr. Sutherland advised that Mr. McGee arrived at his residence at approximately 1:30 a.m., packed his belongings and left the residence. Mr. Sutherland further advised that Mr. McGee did not stay at the residence for several nights prior.

Mr. McGee's current whereabouts are unknown.

3   **Special Condition # 24**: You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

**Supporting Evidence**: On August 25, 2017, supervision commenced in this matter. That same day, a supervision intake was completed. Mr. McGee signed a copy of his judgement, acknowledging an understanding of the conditions imposed by the Court.

On September 21, 2017, a request for modifying the conditions or terms of supervision was filed to include special condition number 24, as noted above.

Mr. McGee violated the terms of his supervised release on or about October 11, 2017, by failing to appear for a mental health evaluation.

On September 21, 2017, Mr. McGee was contacted and directed to schedule a mental health evaluation with Robert Shepard, which Mr. McGee complied with. A mental health

Prob12C
**Re: McGee Jr., Even Charles**
**October 16, 2017**
**Page 3**

evaluation was scheduled for October 11, 2017.

On October 12, 2017, Robert Shepard contacted the undersigned. He advised that Mr. McGee did not show for his October 11, 2017, appointment. Mr. Shepard contacted Mr. McGee and was able to reschedule for October 12, 2017, however, Mr. McGee failed to show for that appointment as well.

The U.S. Probation Office respectfully recommends the Court issue **a warrant** for the arrest of the offender to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/16/2017

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

10/17/2017
Date